**CITY OF ST. JOSEPH, Missouri, Plaintiff,**

v.

**Ervin F. MILLER, Defendant.**

No. 24575.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1966.

Edward P. Speiser, Robert E. Douglass, St. Joseph, for plaintiff.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for defendant.

SPERRY, Commissioner.

Plaintiff, City of St. Joseph, by and through its duly qualified officials filed a complaint, on February 23rd, 1965, charging defendant with a violation of ordinance No. 13–89.113. The cause was tried in Municipal Court where defendant was found guilty. From that judgment defendant appealed to the Circuit Court of Buchanan County where, upon trial to the court, the following judgment was entered, "xxx finds the defendant guilty of drag racing, as charged in the information and his punishment for said offense is by the Court assessed at imprisonment in the Buchanan County jail for a period of three days, and the costs herein". Defendant appeals to this court.

Before trial defendant moved the court to dismiss the information on the ground that "said information fails to state a cause of action upon which guilt can be predicated and punishment assessed, in that it fails to apprise defendant of the acts or offense with which he is charged".

The motion was overruled and defendant then objected to the introduction of any evidence, which was overruled. Defendant then filed a motion for a rehearing on those rulings. It was overruled and the cause proceeded to trial. After judgment

was entered defendant moved for a new trial.

The main ground relied on in the motion for new trial, and on this appeal, is that the information fails to apprise defendant of the facts, or offenses, with which he is charged and, therefore, fails to state a cause of action upon which guilt can be predicated and punishment assessed.

The charge was laid in a uniform traffic ticket, which appears in the transcript by photostatic copy. It is scarcely legible but appears to be as follows:

### UNIFORM TRAFFIC TICKET

Page No.   415

STATE OF MISSOURI
COUNTY OF BUCHANAN } ss.
CITY OF ST. JOSEPH

C No.   6182

IN THE MUNICIPAL COURT OF
  ST. JOSEPH, MISSOURI

The undersigned peace officer complains and states that

| On or About | At or near Location | At (Time) | A.M. |
|---|---|---|---|
| 17–Feb.   65 | 9th & Mitchell | 9:00 | P.M. x |

| Name | | Height | Sex |
|---|---|---|---|
| Ervin F. Miller | | 5'8" | M |

| Address | | Weight | Race |
|---|---|---|---|
| 2202 So. 9th Street | | 150# | W |

| City | State | Birth Date | |
|---|---|---|---|
| St. Joseph | Mo. | 5–16–41 | |

| Driver's License No. | Employer | |
|---|---|---|
| M094–4004–758–69–347 | Fire Dept. | |

| Did Unlawfully | Operate | Park | Vehicle Make | Body Style |
|---|---|---|---|---|
| | X | | Olds | Convt. |

| State License No. | Year | City License No. | Year |
|---|---|---|---|
| HGO – 666 | 65 | | |

AND THEN AND THERE DID COMMIT FOLLOWING OFFENSE, TO WIT SIX PRINCIPAL CAUSES OF ACCIDENTS

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

———◆———

Then follow some lines naming various violations, with appropriate lines and squares for checking to indicate various named traffic violations. Such check spaces are blank. Then follows: Other violations (describe). Following is "Drag Racing", in handwriting.

Following this matter there appear a number of lines with printed matter in each with appropriate blank spaces, for use of the arresting officer in more particularly describing the charged violation; but such blank spaces have nothing either printed

or written therein, except the following: "In violation of Section 13–89.113 as amended".

Thereafter appears the following in handwriting and in print, (some of it almost illegible):

| | |
|---|---|
| Above complaint is true as I verily believe | No. |
| L. Powell Russell — Sgt. | ???? |

Subscribed and sworn to before me this date

| | Date |
|---|---|
| ????????????? Name & Title ????????? | 2–23–65 |

On information undersigned prosecutor complains and informs court that above facts are true as he verily believes

| G. Thompson | Asst. City Atty | | Name & Title |
|---|---|---|---|
| I promise to Appear | At (Time) | Court Date | Court Address |
| X E. F. M. | 8:30 A.M. | 23 Feb. 65 | ????????????? |

———◆———

Briefly, it is alleged in the information, as amended, that: that on or about the 17th of February, 1965, at or near 9th and Mitchell at 9:00 P.M., within the county and state aforesaid Ervin F. Miller xxx did unlawfully operate Olds Convt. state license No. HGO–666 and then and there did commit the following offense, to wit: "Drag Racing" xxx in violation of Section as revised or amended 13–89.1–13.

In view of the single issue presented on this appeal we think the statement of facts herein below set out is sufficient. South 9th Street, in St. Joseph, Missouri, is a one way street for southbound traffic. Defendant was proceeding along south 9th and stopped at the stop sign at Mitchell Avenue. At that time a Mr. Routon, another motorist, (who was also charged with "Drag Racing"), was already stopped at that intersection, in the east traffic lane. The evidence is in dispute as to whether the two drivers started their cars simultaneously, as plaintiff contends, or one moved before the other did, as defendant contends. Shortly thereafter, both were arrested and charged with "Drag Racing". The ordinance provides, in part, as follows:

Section 13–89.1 DRAG RACING

"(a) Drag Racing is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other. Persons rendering assistance in any manner to such competitive use of vehicles shall be equally charged as participants. Any person expressly or impliedly authorizing or knowingly permitting any vehicle or vehicles owned by him or under his control to engage in drag racing as defined in this section shall be equally charged as the participants.

"(b) The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by Section 13–30, Municipal Code of St. Joseph Missouri, or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speed shall be prima facie evidence of drag racing.

"(c) * * *

"(d) * * *

Defendant contends that plaintiff simply pleaded a conclusion of law, to wit, drag

racing, without pleading the facts which would establish what constitutes drag racing under the ordinance. Supreme Court Rule 37.18, V.A.M.R., provides as follows:

"37.18 INFORMATION OR COMPLAINT—FORM AND SIGNATURE.

The information or complaint shall be a plain, concise and definite written statement of the *essential facts* constituting the offense charged. In Traffic Cases such information or complaint shall be substantially in the form hereinafter provided in these Rules as to such cases. An information shall be signed by the prosecutor and a complaint by the complainant. Neither need contain a formal commencement, a formal conclusion or any other matter not necessary to such statement of essential facts. Allegations of one count may be incorporated by reference in another count". (emphasis ours).

In the recent case of Kansas City, Missouri v. Franklin, 401 S.W.2d 949 (par. 2–5) 953–954, this court ruled that a charge of violating a city ordinance, even though a civil matter, must allege *all* of the *facts necessary to show such violation*; that the charge must allege *facts constituting* an act prohibited by the ordinance under which the charge is laid. The charge here does not conform to that rule. This court, there in that decision, reviewed a number of decisions. We reaffirm the rule we there declared.

The judgment is reversed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.