CITY OF INDEPENDENCE, Respondent,

v.

Albert E. KIRCHOFF, Appellant.

Nos. 24403–24405.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

958

Lee D. Seelig, Kansas City, for appellant.

George DeLapp, City Counselor, City of Independence, for respondent.

BROADDUS, Special Commissioner.

On January 20, 1965, three complaints were filed in the Municipal Court of the City of Independence charging defendant with the violation of certain ordinances of that City. The first complaint charged that defendant did unlawfully operate a 1955 Plymouth Vehicle by "Driving under the influence of intoxicating liquor and drugs." The second complaint charged that defendant "left the scene of the accident." The third charged defendant with "Careless and heedless driving."

Defendant was found guilty in the Municipal Court and the following fines were imposed upon him: $100 on the first charge, $100 on the second charge, and $35 on the third. Defendant appealed to the circuit court where the judgments were affirmed.

In the circuit court defendant filed in each case his motion for acquittal on the ground that there was no valid complaint lodged against him.

On defendant's appeal here the sole issue raised is whether or not the complaints filed against him are legally sufficient as a basis for his prosecution.

The first complaint (case No. 24403) charged defendant with "Driving under the influence of intoxicating liquor and drugs." In the recent case of Kansas City v. Franklin, Mo.App., 401 S.W.2d, 949, the complaint against defendant charged him with "driving while under the influence of intoxicating liquor". In that case this Court stated: "The words 'while under the influence of intoxicating liquor' would seem to describe the defendant's condition and would not leave any question." We know of no reason for us to depart from that holding. Defendant's contention as to the sufficiency of this complaint is denied.

The second complaint (case No. 24404) charged that defendant: "Left scene of accident." The ordinance relating to this offense is as follows: "The driver of any vehicle involved in an accident * * * shall

**959**

immediately stop such vehicle at the scene of the accident and by the quickest means of communication available shall notify the police, give them such information as they shall require and remain at said scene until authorized to proceed by said police. Such driver shall give his name, address and registration number, and such other pertinent information requested to any driver or injured party involved."

■ Our courts have adhered to the general rule that the complaint must specifically allege the facts which amount to the offense defined and forbidden by the ordinance. As stated by this Court in the case of Kansas City v. Wiskur, Mo.App., 343 S. W.2d 89, " * * * there can be no doubt that the rule is that an information charging violation of an ordinance without specifically alleging facts amounting to violation is insufficient."

■ It is apparent that this complaint did not specifically allege facts which constitute the offense defined and forbidden by the ordinance.

■ The third complaint (case No. 24405) charged defendant with "careless and heedless driving." In the case of City of Raytown v. Roach, Kan., 360 S.W.2d 741, this court held that: "The mere averment that defendant committed the offense of careless and imprudent driving would be no more than a conclusion of law and would not constitute the requisite statement of essential facts constituting the offense charged. See State v. McCloud, Mo.App., 313 S.W.2d 177."

The judgment in case No. 24403, should be affirmed. The judgments in cases Nos. 24404 and 24405, should be reversed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgment in the case No. 24403 is affirmed. The judgments in cases Nos. 24404 and 24405 are reversed.