**CITY OF INDEPENDENCE, Missouri,
Respondent,**

v.

**Gerald D. PETERSON, Appellant.**

No. 24833.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

Rehearing Denied Feb. 3, 1969.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

John J. Phillips, City Counselor, Independence, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This appeal involves six complaints which were filed in the Municipal Court of the City of Independence, charging defendant with the violation of certain ordinances of said City. Four of the complaints charged that defendant did unlawfully operate a 1959 Chevrolet vehicle and "Disobeyed Stop Sign". The fifth complaint charged defendant with "careless and heedless driving—by failing to yield right-of-way." The sixth complaint charged that defendant "Left scene of accident."

Defendant was found guilty in the Municipal Court. He appealed to the Circuit Court where, upon a trial *de novo*, he was again found guilty on all six charges.

In the Circuit Court defendant moved for acquittal on the ground that there were no valid complaints lodged against him.

On defendant's appeal here the sole issue is whether the complaints filed against him are legally sufficient as a basis for his prosecution.

Plaintiff City made no appearance on this appeal and has filed no brief.

Four of these complaints (cases numbered 61941, 61943, 61944 and 61947) charged that defendant "Disobeyed Stop Sign."

Our courts have adhered to the general rule that the complaint must specifically allege the facts which amount to the offense defined and forbidden by the ordinance. As we stated in the case of City of St. Joseph v. Miller, Mo.App., 409 S.W.2d 749: "In the recent case of Kansas City, Missouri v. Franklin, [Mo.App.] 401 S.W.2d 949, 953–954, this court ruled that a charge of violating a city ordinance, even though a civil matter, must allege *all of the facts necessary to show such violation*; that the charge must allege *facts constituting* an act prohibited by the ordinance under which the charge is laid."

It is apparent that these complaints did not specifically allege facts which constitute the offense forbidden by the ordinance. They do not allege that defendant failed to stop, or that he stopped, but at the wrong place. They do not state what the disobedience consisted of. What they allege is a conclusion of law. A conclusion is merely the "Expression" of the pleader's "judgment". Stebbins v. Mart Drug Co., Mo.App., 344 S.W.2d 302, 304. To say that defendant "disobeyed stop sign" amounts to no more than the expression of the pleader's judgment. It has been held in many cases that "the averment of a legal conclusion is not the statement of an issuable fact and is to be treated as no statement at all." Meyer v. Mulligan, Mo.App., 175 S.W.2d 924, 930.

The fifth complaint (case No. 61948) charged defendant with "careless and heedless driving—by failing to yield right-of-way." In the case of City of Raytown v. Roach, Mo.App., 360 S.W.2d 741, this court held that: "The mere averment that defendant committed the offense of careless and imprudent driving would be no more than a conclusion of law and would not constitute the requisite statement of essential facts constituting the offense charged. See State v. McCloud, Mo.App., 313 S.W.2d 177." However, the complaint goes further and specifically states that the

careless and heedless driving consisted of to-wit: by the failure of defendant to yield the right-of-way. We hold the complaint to be sufficient.

The sixth complaint (case No. 61949) charged that defendant "Left scene of accident." In the recent case of City of Independence v. Kirchoff, Mo.App., 419 S.W.2d 957, this court said: "The ordinance relating to this offense is as follows: 'The driver of any vehicle involved in an accident * * * shall immediately stop such vehicle at the scene of the accident and by the quickest means of communication available shall notify the police, give them such information as they require and remain at said scene until authorized to proceed by said police. Such driver shall give his name, address and registration number, and such other pertinent information requested to any driver or injured party involved.' " We held that the "complaint did not specifically allege facts which constitute the offense defined and forbidden by the ordinance" and was, therefore, insufficient.

The judgment in case No. 61948 should be affirmed. The judgment in cases numbered 61941, 61943, 61944, 61947 and 61949, should be reversed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgment in case No. 61948 is affirmed. The judgments in cases numbered 61941, 61943, 61944, 61947 and 61949 are reversed. All concur.

## ON MOTION FOR RE-HEARING

PER CURIAM:

In his motion for rehearing, appellant strenuously urges that the sentence imposed by the trial court in Case No. 61948 exceeded the maximum punishment authorized by the ordinance of the City of Independence. This ordinance was introduced in evidence but was not set out in the transcript. It has now been brought to the attention of this court and it appears that the following punishment is authorized for any person who drives a vehicle upon any street carelessly and heedlessly: " * * * imprisonment in the place designated by law for a period of not less than three (3) days nor more than ninety (90) days, or by a fine of not less than fifteen dollars ($15) nor more than five hundred dollars ($500), or by both such fine and imprisonment." The sentence imposed by the trial court in this cause was six (6) months in the county jail. This is obviously in excess of punishment authorized by this ordinance and is therefore erroneous. However, the rules of criminal procedure are applicable to this case and under the provisions of Criminal Rule 28.15, V.A.M.R., this error does not require the reversal of the judgment below; we are authorized to impose a proper sentence. Therefore, the judgment of the trial court is modified and the appellant, Gerald D. Peterson, is sentenced to be imprisoned for a period of ninety (90) days in the county jail. As so modified and corrected, the judgment and sentence of the trial court is affirmed. In all other respects, appellant's motion for rehearing is overruled.