**KANSAS CITY, Missouri, Plaintiff-Respondent,**

v.

**Kenneth D. PRYOR, Defendant-Appellant.**

No. 25155.

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1969.

Robert G. Duncan, Lewis E. Pierce, Pierce & Duncan, Kansas City, for defendant-appellant.

Herbert C. Hoffman, City Counselor, Charles A. Lewis, Asst. City Counselor, Kansas City, for plaintiff-respondent.

MAUGHMER, Commissioner.

Appellant Kenneth D. Pryor was convicted in the Municipal Court of Kansas City, Missouri, for alleged violation of a traffic ordinance (Section 34.60a, Revised Ordinances of Kansas City, Missouri). He appealed to the Circuit Court where, after a trial during which he acted as his own counsel, he was again found guilty and a fine of $10.00 and costs was assessed. The punishment is within the limits prescribed for the offense (Section 34.333, Revised Ordinances of Kansas City, Missouri).

Appellant has appealed to this court. His sole assignment of error is that "The Information herein was fatally defective in that it failed to allege an essential element of the offense, in that there was no allegation that the right turn was not made as close as practicable to the righthand curb."

Section 34.60a, supra, makes the following requirements for the driver of a vehicle intending to turn at an intersection:

"(a) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."

The Information herein charges that:

"* * * on or about the 20th day of March, A.D.1968, within the corporate limits of Kansas City, and on a public street at or near 12th and Baltimore, one Kenneth D. Pryor did then and there make an improper right turn—turned right onto 12th Street—crossed into both oncoming westbound lanes.

"All in violation of the Revised Ordinances of Kansas City, Missouri, as amended, Sections 34.60(A) and 34.333."

In the boxes on the Information, defendant's automobile was described as a 4 door Buick. The boxes for "Improper turn", "Right" and "Into wrong lane" were checked.

A reading of the Information indicates defendant must have been traveling north on Broadway and turned right onto 12th Street; that 12th Street contained four lanes of travel—two eastbound and two westbound—and that defendant (so it was charged) crossed over both of the eastbound lanes, over the center of the street and into both of the westbound lanes, all in violation of Section 34.60a which requires that such a right turn shall be made as close as practicable to the righthand curb or edge of the roadway.

Defendant says the Information charges that he "crossed into oncoming lanes", and that such an act does not constitute an offense since the ordinance requires that he "turn as close as practicable to the right-hand curb", and does not specifically forbid crossing into oncoming lanes. He says that unless the precise wording of the ordinance is used defendant is not charged with any offense and is not advised as to the essential facts constituting the alleged violation.

All witnesses who testified agreed that the defendant was driving north on Broad-

way at 12th and there turned to the right onto 12th Street. The arresting officer said he drove over the center line of 12th Street and into the westbound traffic lanes. Defendant and his passenger, Dallas Hamilton, testified that an automobile was parked fifteen to twenty feet south of 12th Street on Broadway, that defendant had to pull around it, and that pedestrians crossing 12th Street forced him to go over the center of 12th Street and into the westbound lanes. He said that by reason thereof he had in truth and fact kept as close to the right-hand curb as was practicable under the circumstances, and as required by the ordinance. However the trier of the facts found the issues against him on this point and besides it has not been preserved. The only issue raised on appeal is the sufficiency of the Information.

Rule 37.18, V.A.M.R., Municipal and Traffic Courts—Informations and Complaints, provides in part:

"The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

Defendant cites Kansas City v. Franklin (Mo.App.), 401 S.W.2d 949, where the Information did not indicate that the defendant was even driving an automobile; to City of St. Joseph v. Miller (Mo.App.), 409 S.W.2d 749, where the words "drag racing" were held to be insufficient to describe any offense cognizable under the ordinance; and to the opinion in City of Independence v. Peterson (Mo.App.), 437 S.W.2d 168, in which case punishment in excess of the statutory limit was imposed. Neither of these cases is in point, nor does either rule the issue before us.

This court (State v. Richards, 429 S.W.2d 351) held that an Information charging defendant with careless and imprudent operation of his truck by failing to yield the right-of-way to vehicles approaching at a right angle, was sufficient, and made this comment:

"* * * It is difficult to believe that any reasonably intelligent person could read this information and not be fully informed of the nature of the violation charged."

The general issue before us was considered by the Supreme Court in Kansas City v. Stricklin, 428 S.W.2d 721, 725, 726. There we find these declarations:

"Since a proceeding for violation of a city ordinance is in the nature of a civil action, the same strictness in stating an offense is not required as in a criminal prosecution. * * *" Citing cases.

* * * * * *

"When a defendant does not request a bill of particulars or otherwise attack the sufficiency of an information prior to judgment, he waives any claim he may have had for a more definite and certain statement of the offense or cause of action alleged. * * *" Citing cases.

The defendant in the case before us did not question the sufficiency of the Information or the description therein contained until after judgment.

In our opinion the Information informed defendant fully as to the offense with which he was charged. We believe that the defense he offered, namely, an excuse for failing to keep right because of pedestrians crossing shows that he fully understood the precise offense with which he was charged. He discusses this defense in this court but the only asserted error presented on appeal is the alleged inadequacy of the Information.

We rule the Information to be sufficient and affirm the judgment.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.