**KANSAS CITY, Missouri, Respondent,**

v.

**Keith R. STAMPER, Appellant.**

**No. KCD 27142.**

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

Roy W. Brown, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, City Prosecutor, Walter J. O'Toole, Jr., Asst. City Prosecutor, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

Appellant was convicted of careless driving in violation of Section 34.115, Revised Ordinances of Kansas City, Missouri, a misdemeanor, sentenced to three days in traffic school and fined $20.00. Factually, the offense involved appellant's pulling out from a parked position along Oak Street in Kansas City, Missouri, and striking a vehicle being driven along said street by one Adelman.

▮ Appellant's first point relates to the sufficiency of the information, in this case a Uniform Traffic Ticket. It is argued that the information failed to apprise appellant of the acts or offense with which he was charged for the reason that the written portion of the information states that appellant failed to yield to *oncoming* traffic while the box portion is marked to indicate other traffic present was traveling in the *same* direction. The only case cited by appellant in support of this is *City of Independence v. Kirchoff,* 419 S.W.2d 957 (Mo. App.1967), wherein the rule is stated that an information charging the violation of an ordinance must specifically allege facts constituting said violation. The information here was not defective in that respect. It is well settled that proceedings involving violations of municipal ordinances are in the nature of civil actions and the same strictness in stating the offense is not required as in criminal proceedings. *Kansas City v. Waller,* 518 S.W.2d 202, 205 (Mo.App.1974); *Kansas City v. Stricklin,* 428 S.W.2d 721 (Mo. banc 1968). Moreover, the information or complaint is sufficient if it gives notice of the offense and is sufficiently definite to be pleaded in bar of any subsequent prosecution. *Kansas City v. Waller,* supra, at 206; *City of Kansas City v. Narron,* 493 S.W.2d 394 (Mo.App.1973). However, the defendant must not be required to guess or speculate as to the violations with which he is charged by the public authorities nor the nature of the evidence admissible under them. *City of St. Louis v. Polar Wave Ice and Fuel Co.,* 317 Mo. 907, 296 S.W. 993, 994 (Mo.1927); *Kansas City v. Martin,* 369

S.W.2d 602, 608 (Mo.App.1963); *St. Louis v. Stubley,* 154 S.W.2d 407, 410 (Mo.App.1941); *City of Raytown v. Roach,* 360 S.W.2d 741 (Mo.App.1962), and Rule 37.18 V.A.M.R. Rule 37.18 provides that "The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."

In *City of Independence v. Beth,* 458 S.W.2d 874 (Mo.App.1970), the defendant was convicted of operating a motor vehicle in a careless and heedless manner in violation of a city ordinance. His argument on appeal was that the information, in the form of a traffic ticket, failed to sufficiently charge that the offense occurred on a public street. The court disagreed as the information did state that the offense occurred on a U.S. Highway within a city and that the violation occurred on a 4-lane highway bearing other traffic. In so holding, the court stated: "In determining the sufficiency of an information, we read it from all four corners, and consider it as an entirety, because 'The *whole indictment* (information) must be looked to in order to ascertain whether it lacks certainty.' 42 C.J.S. Indictments and Informations § 100, p. 983 . . . While it is our view that the uniform traffic ticket must be utilized and processed in such manner as to describe with reasonable certainty the offense it purports to charge, we do not believe that courts should be hypertechnical in assaying its sufficiency as a complaint or information." *City of Independence,* supra, at p. 876.

It is the opinion of the court that the information herein sufficiently apprised appellant of the nature of the ordinance violation.

▮ The next prong of appellant's first point is that the information was defective because written under a general ordinance (§ 34.115, Careless Driving) when a specific ordinance was available and should have been used by the City (§ 34.82, Drivers to yield right-of-way when starting from

curb). In support of this point there is only the general citation of *City of Independence v. Kirchoff,* supra. Assuming for the sake of discussion that the ordinance number designation was erroneous, there are numerous Missouri cases which hold that said designation may be disregarded as surplusage. *State v. Byrne,* 503 S.W.2d 693, 695 (Mo. banc 1973); *State v. Billingsley,* 465 S.W.2d 569, 570 (Mo.1971); *Bullington v. State,* 459 S.W.2d 334, 341–42 (Mo.1970); *State v. Aston,* 412 S.W.2d 175, 182 (Mo. 1967); *State v. Hart,* 411 S.W.2d 143, 145 (Mo.1971); *U. S. v. Hutcheson,* 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788 (1941). The important point is that the information sufficiently apprise the defendant of the facts constituting the offense charged and be sufficient to bar subsequent prosecution. *Kansas City v. Waller,* supra, at 206; see *State v. Hoffman,* 297 S.W. 388, 390 (Mo. 1927). Appellant here was so apprised and thus his point is without merit.

Appellant's second point is that the trial court erred in allowing a witness to testify in circuit court when said witness neither appeared in municipal court nor was endorsed on the information. Appellant relies on Rule 24.17, V.A.M.R., which reliance is wholly misplaced. Rule 24.17 merely states that if a witness is not endorsed on the information the state will not be entitled to a continuance if that witness is unavailable. The rule does not give the defendant an absolute right to have a witness endorsed on the information. Appellant's attention is directed to Rules 37.18 through 37.33 which apply to informations and complaints for municipal ordinance violations. These rules do not require that a witness first appear in municipal court or be endorsed and in absence of such requirement, appellant's point is without merit. See *State v. O'Day,* 89 Mo. 559, 1 S.W. 759 (1886). Accordingly, there is no merit in appellant's argument that his constitutional rights of due process and equal protection have been violated. Finally, appellant has not shown nor does the record disclose any abuse of discretion by the trial court in refusing to invoke the rule regarding exclusion of witnesses. See *State v. Tschirner,* 504 S.W.2d 302 (Mo.App.1974). The judgment of the trial court is affirmed.

All concur.