**KANSAS CITY, Missouri, Respondent,**

v.

**Victor A. SPURLOCK, Appellant.**

**No. KCD 27500.**

Missouri Court of Appeals,
Kansas City District.

Feb. 9, 1976.

Roy W. Brown, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, City Prosecutor, William T. Bernard, Asst. City Prosecutor, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of guilty and fine of $100, rendered in circuit court upon appeal from municipal court on charge of leaving scene of accident in violation of city ordinance.

Victor Spurlock was charged by complaint in the Kansas City Municipal Court. The complaint, on a Missouri Uniform Traffic Ticket, stated the charge as follows:

"That on or about 1–24–74 on a public street in Kansas City, Missouri, Jackson County, at or near 57th and Wornall Road on a Thursday at about 3:35 p. m. the defendant, Victor A. Spurlock of 7306 Wyandotte, Kansas City, Missouri did operate a 1972 Triumph motorcycle and commit the offense of

'Left the scene of an accident after striking a pedestrian, pedestrian stated he was calling police and subject left without giving his name or address to injured party.' "

The offense was charged to have been in violation of § 34.112 of the Revised Ordinances of Kansas City.

Upon trial in municipal court on April 8, 1974, the defendant was found guilty as charged and fined $100. He appealed to the circuit court.

When the matter came on for trial in the circuit court, the city, over defendant's objection and without prior notice to the defendant of its intention to make such a request, was permitted to amend the charge in the information by inserting before the

language "after striking pedestrian" the words "left the scene of an accident involving injury to a pedestrian." According to the Assistant City Counselor, the object of the amendment was to render the information "more specific, by amending the Information to state that the defendant did specifically leave the scene of an injury accident."

The evidence on the de novo trial in the circuit court was that appellant, operating a motorcycle, approached an intersection at which a school crossing guard was assisting children and that when the guard signalled defendant to stop, his motorcycle went out of control and struck the guard on the hand. The guard told defendant not to leave until he called police, but defendant left without giving any evidence of his identity.

On this appeal, appellant contends that the original information and the amended information failed to apprise defendant of the acts or offenses with which he was charged.

Section 34.112, Kansas City Revised Ordinances, provides:

"ACCIDENTS INVOLVING DEATH OR PERSONAL INJURY.

"The driver of any vehicle involved in an accident resulting in the death of or injury to any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled all the requirements of this section. Every such stop shall be made without obstructing traffic more than is necessary.

"The driver of any such vehicle involved in an accident resulting in the death of or injury to any person shall give his name, address and the registration number of the vehicle he is driving and shall upon request, and if available, exhibit his license or permit to drive to any person injured in such accident, and shall render to any person injured in such accident reasonable assist-

ance, including the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary, or if such carrying is requested by the injured person.

"The driver of any such vehicle involved in an accident resulting in the death of or injury to any person shall immediately by the quickest means of communication give notice of such accident to the police department, and give the police such information as they shall require, and remain at the said scene, until authorized to proceed by said police."

" * * * It is well settled that proceedings involving violations of municipal ordinances are in the nature of civil actions and the same strictness in stating the offense is not required as in criminal proceedings. *Kansas City v. Waller*, 518 S.W.2d 202, 205 (Mo.App.1974); *Kansas City v. Stricklin*, 428 S.W.2d 721 (Mo. banc 1968). Moreover, the information or complaint is sufficient if it gives notice of the offense and is sufficiently definite to be pleaded in bar of any subsequent prosecution. *Kansas City v. Waller*, supra, at 206; *City of Kansas City v. Narron*, 493 S.W.2d 394 (Mo.App.1973). However, the defendant must not be required to guess or speculate as to the violations with which he is charged by the public authorities nor the nature of the evidence admissible under them. *City of St. Louis v. Polar Wave Ice and Fuel Co.*, 317 Mo. 907, 296 S.W. 993, 994 (Mo.1927); *Kansas City v. Martin*, 369 S.W.2d 602, 608 (Mo.App.1963); *St. Louis v. Stubley*, 154 S.W.2d 407, 410 (Mo.App.1941); *City of Raytown v. Roach*, 360 S.W.2d 741 (Mo.App.1962), and Rule 37.18 V.A.M.R. Rule 37.18 provides that 'The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.' " *Kansas City v. Stamper*, 528 S.W.2d 769, 771[1–4] (Mo.App. 1975).

■ The information here is sufficient to meet such requirements. The original in-

formation adequately advised defendant that he was charged with having been, while operating a motorcycle, involved in an accident in which a pedestrian was injured and with having left the scene of the accident without having given his name and address to the injured party. The information "gives notice of the offense and is sufficiently definite to be pleaded in bar of a subsequent prosecution." *University City v. Redwine*, 376 S.W.2d 609, 613 (Mo.App. 1964).

■ Although, as appellant argues, an information charging violation of a city ordinance may be sufficient if it charges the offense in the language of the ordinance (*City of Kansas City v. Graham*, 502 S.W.2d 411, 415 (Mo.App.1973)), there is no requirement that the information be in such form. *University City v. Redwine*, supra.

The information in this case is more detailed and specific than that in *City of Independence v. Kirchoff*, 419 S.W.2d 957 (Mo.App.1967), cited and relied upon by appellant. In that case a charge which stated "Left scene of accident" was held insufficient. Here the charge specifies wherein appellant failed to comply with the requirements of the ordinance involved, and did adequately apprise appellant of the offense.

■ The amendment in the circuit court was no more than an attempt to clarify the charge. It did not alter the offense and was authorized by Rules 37.19 and 37.57.

■ In Point II of his brief, appellant contends that allowing the amendment without prior notice deprived him of due process of law in violation of federal and state constitutional guarantees. No constitutional objection was lodged in the trial court so that the claim of error was not properly raised. *City of Kansas City v. Narron*, 493 S.W.2d 394, 397–398[1] (Mo. App.1973). In any event, the conclusion that the amendment did not alter the offense charged and was authorized under the rules obviates any claim of constitutional error.

Judgment affirmed.

All concur.