**CITY OF INDEPENDENCE,
Missouri, Respondent,**

v.

**Ricky WALLACE, Appellant.**

**No. WD 38319.**

Missouri Court of Appeals,
Western District.

April 14, 1987.

Paul R. Mudd, Independence, for appellant.

Joe Willerth, Asst. City Counselor, Rebecca Campbell, Independence, for respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Defendant Ricky Wallace appeals from two convictions of violating: (1) section 18.-222 of Chapter 18, Article 10 of the City of Independence, Revised Ordinances (1981), dealing with the operation and control of a motor vehicle while intoxicated; and (2) section 12.01.011 of Chapter 12, Article 1 of the City of Independence, Revised Ordinances (1984), concerning the use of "lewd, obscene, profane or vulgar language while on a public street...." He asserts five points on appeal and this court reverses the conviction under the former ordinance and affirms as to the conviction under the latter ordinance.

On July 4, 1985, at approximately 7:50 p.m., Officer Bradley K. Slaybough saw a beer can being tossed out of the driver's side window of a black Chevrolet Monte Carlo which was headed east on Jones road in Independence, Missouri. Officer Slaybough testified he had earlier observed that this car had not come to a complete stop at the Jones road and Noland intersection. Officer Slaybough stopped the vehicle and identified Ricky Wallace as the driver. There were also four passengers, two males and two females.

Officer Slaybough asked to see defendant's driver's license and noticed it was expired. He looked into the vehicle and saw two unopened cans of beer on the floorboard of the drivers's side. Officer Slaybough ordered defendant and the two male passengers out of the car and to stand at the rear of the vehicle. He stated all three males had alcohol on their breath, blood shot eyes, slurred speech and were unsteady on their feet. Officer Slaybough did not have defendant or the others perform any field sobriety tests such as the finger to nose test. At this time, Officers Gordon Brown and David Ison arrived at the scene to assist Officer Slaybough and they corroborated his testimony as to the condition of the defendant and the two male passengers.

After the assisting officers' arrival, Officer Slaybough testified he informed defendant he was under arrest for driving with an expired driver's license and for being in "physical control of a vehicle while under the influence of intoxicating beverages." He further testified defendant became irate and started yelling, "You mother-f____'s ain't taking me to jail." Defendant began to raise his fists while continuing, "F__ you, don't touch me." Mr. Wallace was then handcuffed and taken to the police station where he was given the alco-analyzer test. Defendant's blood alcohol content registered at .082 of one percent.

A traffic citation was issued to defendant and it stated:

Did operate a motor vehicle with a blood alcohol percent of .082 by liquors.

A complaint was also issued charging defendant with violating the City of Independence Vulgar Language Ordinance, § 12.-01.011.

On December 5, 1985, defendant was tried in Independence Municipal Court on these two charges and was found guilty. Defendant filed his appeal and his appeal bond was set at $1,000.

At the trial de novo on February 7, 1986, before Honorable William J. Peters, the prosecuting attorney sought leave of the court to file an amended information charging defendant with being "in physical control of a motor vehicle while under the influence of intoxicating liquors." Over the defendant's objection the trial court allowed the amendment.

Defendant was found guilty on both counts and was fined $350 on the motor vehicle violation and $150 on the vulgar language charge. Defendant appeals both convictions.

■ Defendant's first two points on appeal challenge the trial court's decision to

allow the charge against defendant to be amended from "did operate a motor vehicle with a blood alcohol percent of .082 by liquors" to "in physical control of a motor vehicle while under the influence of intoxicating liquor." On the basis that the amended information charges a different offense, this court finds it prejudicial error to make the amendment.

The Independence City ordinance § 18.-222 states in pertinent part:

    A. No person who is under the influence of intoxicating liquor shall drive or be in actual physical control of any vehicle or railroad train.

The City states the amendment to the information was made to coincide with the above language. This court has stated that an information may be amended to clarify a charge, *Kansas City v. Spurlock*, 533 S.W.2d 660, 663 (Mo.App.1976), but no additional or different charge may be made in the amended information. Rule 37.39; *City of Mexico v. Merline*, 596 S.W.2d 475, 477 (Mo.App.1980).

■ In *City of Mexico v. Merline, supra,* the court found it was error to amend an information to charge defendant with driving with a .10% or more weight of alcohol in his blood in violation of the ordinance. Initially defendant Merline was charged with "driving while intoxicated" under § 26.14(a) of the Code of the City of Mexico. At the trial de novo, the information was amended to driving with "ten-hundredths of one per cent or more by weight of alcohol in his blood," as set forth in § 26.14(b) of the same. The court disallowed the amendment stating that "driving with ten-hundredths of one percent or more by weight of alcohol in the blood is not a legal or factual element of the offense of driving while intoxicated." *Id.,* at 478; *see also State v. Blumer,* 546 S.W.2d 790 (Mo. App.1977), (the presence of 10% by weight of alcohol was not an essential element of

the statutory offense of driving while intoxicated). The significance gleaned from *City of Mexico v. Merline, supra,* bearing on the case at bar, is that the fact defendant had a blood alcohol content of .082 of one percent is not a factual element of driving while intoxicated. This court did not have jurisdiction to try defendant on the amended charge. The jurisdiction of the circuit court is derivative only from a judgment of the municipal court. *City of Mexico v. Merline, supra,* 596 S.W.2d at 477. The original charge under which defendant was tried and convicted, that he "did operate a motor vehicle with a blood alcohol percent of .082 by liquors," was not a violation of any Independence ordinance.[1] Thus, the trial court erred in allowing the amended information to be charged against the defendant. Other allegations presented by defendant concerning his conviction on this charge therefore do not need to be considered.

■ Defendant attacks his other conviction on the vulgar language charge on the grounds the ordinance is unconstitutionally vague and overly broad. The City argues defendant failed to preserve his constitutional challenge by not raising it at the earliest opportunity, prior to trial, in a motion to quash the information. Defendant raised the issue in his motion for judgment of acquittal at the close of the state's case and renewed his objection at the close of evidence. This court has stated that such motions do not preserve constitutional challenges because the issue must be raised " 'at the first opportunity in the course of orderly procedure.' " *State v. Danforth,* 654 S.W.2d 912, 917–918[5, 6] (Mo.App. 1983); *see also State v. Flynn,* 519 S.W.2d 10, 12–3 (Mo.1975). Thus, this issue was not preserved for appellate review.

Therefore, this court finds that the conviction under the vulgar language ordinance § 12.01.011 must be affirmed. For

---

1. Under the new Supreme Court Rule 37.67, effective January 1, 1986, the court, prior to the filing of application for trial de novo, "may of its own initiative or on motion of a defendant set aside [the] judgment" because "the facts stated in the information filed and upon which the case was tried [did] not state an ordinance violation."

reasons stated above, the other conviction under ordinance § 18.222 is reversed.

All concur.