CITY OF EXCELSIOR SPRINGS, Missouri, Respondent,

v.

David B. REDFORD and Deborah D. Redford, Appellants.

No. WD 42701.

Missouri Court of Appeals, Western District.

Sept. 18, 1990.

J.D. Gorham, McCalley, Gorham and Bowman, Richmond, for appellants.

David D. Lodwick, Excelsior Springs, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

David Redford and Deborah Redford were charged in the Municipal Court of Excelsior Springs, Missouri, with an ordinance violation. Upon conviction they appealed for a trial de novo in the circuit court but when the cause was called they failed to appear. The court remanded the case to the municipal court and the Redfords thereafter appealed to this court.

The Redfords contend the information by which they were charged was insufficient. Reversed.

The Redfords were charged in identical uniform complaint summons forms. In the space for description of violation was written "STEALING/SHOPLIFTING AT WALMART ESMO." The information on the form consists of a space containing the signature of the city prosecutor which states that the facts stated in the complaint . are true according to his best knowledge.

The Redfords complain that the informations are insufficient to confer jurisdiction on the municipal court.

Rule 37.35(b)(2) requires the information in a case charging an ordinance violation to "state plainly, concisely, and definitely essential facts constituting the ordinance violation charged."

■ In *City of Green Ridge v. Brown,* 523 S.W.2d 609, 611[2] (Mo.App.1975), this court held that the sufficiency of an information in a municipal ordinance violation case may be raised in this court even if not raised in the municipal court or in the circuit court on a trial de novo. Thus, the Redfords' contention that the informations are insufficient is ripe for consideration on this appeal. In *Brown,* this court quoted the rule requiring the information of a municipal ordinance violation case to state the essential facts and held that an information which failed to allege facts constituting a violation of the ordinance cannot sustain a conviction.

The informations in this case are quite similar to the information in *City of Raytown v. Roach,* 360 S.W.2d 741, 743[5] (Mo. App.1962), which charged "C & I ACC." This court held that information void of any factual allegations.

■ The information in these cases is so patently devoid of any allegation of facts as to require little or no discussion. The statement concerning the violation is at most a bare legal conclusion.

Because the informations in this case did not state the essential facts constituting the offense charged, the convictions cannot stand.

The judgments are reversed and the defendants are ordered discharged.

All concur.