CITY OF EL DORADO SPRINGS, Respondent,

v.

Dennis EDMISTON, Appellant.

No. 17363.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 17, 1992.

Dan K. Purdy, Osceola, for appellant.

Keith Brown, Russell, Brown, Bickel & Breckenridge, Nevada, for respondent.

MONTGOMERY, Judge.

Defendant, Dennis (Willie) Edmiston, was charged with "assault" on January 30, 1989, in violation of Ordinance 15–46 of the

City Ordinances of El Dorado Springs, Missouri.[1] Willie was convicted in the Municipal Division of the Circuit Court of Cedar County on March 28, 1989. Thereafter Willie requested a trial de novo in circuit court pursuant to Rule 37.71.[2]

On November 19, 1990, Willie was tried before the court on his trial de novo. He was found guilty and sentenced to 30 days in the county jail. He appeals, claiming the information failed to state an ordinance violation and the municipal court conviction was a nullity. His other points require no decision because we must reverse on the point discussed.

■ The information filed in municipal court simply charged Willie with "assault" in violation of Ordinance 15–46. No facts constituting the assault were alleged. This bare conclusional allegation violates Rule 37.35(b)(2) which reads: "The information shall ... state plainly, concisely, and definitely the essential facts constituting the ordinance violation charged[.]"

In *City of Excelsior Springs v. Redford*, 795 S.W.2d 123 (Mo.App.1990), defendants were charged in municipal court with an ordinance violation. In the space for description of violation was written " 'STEALING/SHOPLIFTING AT WALMART ESMO.' " Defendants complained that the information was insufficient to confer jurisdiction on the municipal court. The court said:

> The information in these cases is so patently devoid of any allegation of facts as to require little or no discussion. The statement concerning the violation is at most a bare legal conclusion.
>
> Because the informations in this case did not state the essential facts constituting the offense charged, the convictions cannot stand.

*Id.* at 124.

In the instant case the charge of assault is not unlike the stealing/shoplifting charge in *Redford*. It requires little or no

discussion that the information here is patently devoid of any allegations of facts.

In *City of Independence v. Wallace*, 727 S.W.2d 922 (Mo.App.1987), defendant was issued a traffic citation which charged that defendant "[d]id operate a motor vehicle with a blood alcohol percent of .082 by liquors." At the trial de novo the City was allowed to file an amended information charging defendant with being " 'in physical control of a motor vehicle while under the influence of intoxicating liquors.' " The Court said:

> On the basis that the amended information charges a different offense, this court finds it prejudicial error to make the amendment.
>
> . . . .
>
> ... The original charge under which defendant was tried and convicted, that he "did operate a motor vehicle with a blood alcohol percent of .082 by liquors," was not a violation of any Independence ordinance. Thus, the trial court erred in allowing the amended information to be charged against the defendant.

*Id.* at 924 (footnote omitted).

■ In this case the charge of "assault" in municipal court did not charge a violation of any city ordinance. On the trial de novo the City was allowed, over Willie's objection, to amend the information during trial alleging an "[a]ssault of Darrell Richardson and Sarah Edmiston by striking them with a rock or a piece of concrete and putting them in fear of bodily harm." The City now argues that such amendment was permissible under Rule 37.39 which reads:

> Any information charging an ordinance violation may be amended at any time before a finding of guilty or not guilty if no additional or different ordinance violation is charged and if the defendant's substantial rights are not thereby prejudiced....

The argument of the City must fail because the original charge under which Willie was tried and convicted was not an

---

1. Hereafter, Appellant will be referred to as Willie and Respondent will be referred to as City.

2. All rule references are to Missouri Rules of Court (1991).

ordinance violation. At the trial de novo, the City necessarily had to allege a different ordinance violation contrary to the provisions of Rule 37.39. Under the rationale of *Wallace,* an amended information which charges a different offense on trial de novo is prejudicial error.

The judgment is reversed and Willie is ordered discharged.

SHRUM, P.J., and MAUS, J., concur.