The State ex rel. William Maffitt Bates v. Oliver T. Remmers et al., Composing Board of Election Commissioners of City of St. Louis.—30 S. W. (2d) 609.

Court en Banc, July 18, 1930.

1176

*Henry Kortjohn, Jr.,* for relator.

*Julius T. Muench* and *Oliver Senti* for respondents.

PER CURIAM:—This is an original proceeding in prohibition whereby relator seeks to prohibit the Board of Election Commissioners of the City of St. Louis from printing upon the official ballot, to be used by the voters at the August, 1930, primary election, the name of Sylvester A. Nangle as a candidate upon the Republican ticket for nomination as State Senator in the Thirty-second Senatorial District. Respondents waived the issuance and service of our provisional rule and filed their return to the petition as and for such writ. Relator

has filed his motion for judgment on said return. The parties have submitted the case upon briefs without oral argument. By leave Sylvester A. Nangle, designating himself as "amicus curiae," has also filed a brief.

The facts gathered from the pleadings need only be briefly outlined. The Thirty-second Senatorial District lies wholly within the limits of the city of St. Louis. A State Senator to represent said district is to be elected at the coming general election. A primary election to select the nominees of the Republican party and other parties for said office is to be held in said district on August 5, 1930. Both relator and Mr. Nangle reside in said district, are members of the Republican party and possess all the qualifications required of State Senators. Both paid the required fee to the treasurer of the State Committee of the Republican Party.

On or before June 6, 1930, relator filed in the office of the Board of Election Commissioners of the City of St. Louis his declaration of candidacy for the Republican nomination for said office and accompanied said declaration by the statutory receipt. Mr. Nangle filed no declaration of candidacy for said nomination with said board, but filed a declaration of candidacy in the office of the Secretary of State at Jefferson City, Missouri, and said Secretary of State has certified his name to the Board of Election Commissioners of the City of St. Louis as a candidate for such nomination upon the Republican ticket.

Relator caused to be filed with the Board of Election Commissioners a petition setting out the foregoing and other facts and notified Mr. Nangle thereof. He and his counsel appeared before the board and it heard evidence and argument and decided that, notwithstanding relator's protest, it would print upon the official ballot the name of Mr. Nangle as a candidate for the Republican nomination for State Senator in the Thirty-second Senatorial District. Respondents admit that the printing of Mr. Nangle's name upon the ballot will cause additional public expense and that, if his name cannot lawfully be placed upon said ballot, the placing of his name thereon will create confusion and will cause irreparable damage to relator.

Relator asserts, respondents seemingly admit, *amicus curiae* does not dispute, and we fully agree, that prohibition is the appropriate remedy if the Board of Election Commissioners is exceeding its authority in printing upon the official ballot a name which is not entitled to be printed thereon. That remedy has been frequently so employed. [State ex rel. Goldman v. Hiller (Mo. Sup.), 278 S. W. 708; State ex rel. Hollman v. McElhinney, 315 Mo. 731, 286 S. W. 915.] The use of the writ of prohibition is not confined to courts alleged to be exceeding their jurisdiction. It is frequently used to prevent boards, commissions and other public bodies exercising quasi-judicial powers, from the doing of unauthorized acts or acts in excess of the authority vested in them. [32 Cyc. 601.]

Section 4830, Revised Statutes 1919, reads as follows:

"No person shall file more than one written declaration indicating the party designation under which his name is to be printed on the official ballot, and all declaration papers shall be filed as follows: 1. For state officers, representatives in congress, courts of appeals and circuit judges, *and those members of the senate and assembly whose districts comprise more than one county,* in the office of the secretary of state. 2. For officers to be voted for wholly within one county or in the city of St. Louis, in the office of the county clerk of such county or the office of the election commissioners of the city of St. Louis." (Italics ours.)

The Thirty-second Senatorial District does not comprise more than one county. It lies wholly within the city of St. Louis and is one of six such districts into which the territory comprising the city of St. Louis is divided. [Laws 1901, p. 273; Note to Art. IV, Sec. 11, Missouri Constitution; State ex rel. Barrett v. Hitchcock, 241 Mo. 433, 146 S. W. 40; State ex rel. Lashly v. Becker, 290 Mo. 560, 235 S. W. 1017.]

It appears too clear for argument that the place of filing declarations of candidacy for the office of State Senator in districts comprising one county, or territory less than one county, is not fixed by Subdivision 1 of Section 4830. That is to say that, as the territory covered by such senatorial districts does not "comprise more than one county," declarations of candidacy for the office of State Senator in such districts are not authorized to be filed in the office of the Secretary of State. The statute divides state senatorial districts into two classes: First, those comprising more than one county, and second, those not comprising more than one county; although only the first class is specifically mentioned. Only declarations of candidacy for said office in those state senatorial districts coming within the first class are entitled to be filed in the office of the Secretary of State.

But the statute has not failed to provide a place where candidates for the office of State Senator may file their declarations of candidacy, if the districts which they seek to represent do not comprise more than one county. As the offices to which they seek election are to be voted for wholly within one county or in the city of St. Louis, their declarations must be filed in the office of the county clerk or in the office of the Board of Election Commissioners of the City of St. Louis, as the case may be.

As the statute provides that declarations of candidacy for the office of State Senator in counties comprising more than one county shall be filed with the Secretary of State, declarations of candidacy in all other state senatorial districts are excluded from acceptance for filing in that office under the maxim, *inclusio unius est exclusio alterius.* The reason for the distinction is for the Legislature and not for the courts. It is sufficient for the disposition of this case that thus the law is written.

*Amicus curiae* cites State ex rel. Garesche v. Roach, 258 Mo. 541, l. c. 551-553, 167 S. W. 1008. There is nothing in that case lending support to his contention. Judge FARIS there held that the statute (then Sec. 5862, R. S. 1909) evidenced the legislative intent to require declarations of candidacy for offices generally filled by election from circuits or districts comprising more than one county to be filed in the office of the Secretary of State and declarations of candidacy for county and city offices elected at general elections to be filed with the proper county and city election officers. But the exception to such general intent in the case where state senatorial districts comprise only one county or less was fully noted in the opinion.

All declarations of candidacy for the office of circuit judge are specifically required by Section 4830 to be filed in the office of the Secretary of State, while declarations of candidacy for the office of State Senator in only a part of the senatorial districts of the State are required to be filed there.

It is true that Section 4828 requires every candidate for nomination for the office of State Senator in all senatorial districts to pay twenty-five dollars to the treasurer of the state committee of the party whose nomination he seeks. It is likewise true that in the Garesche case Judge FARIS cited this requirement as an argument tending to show that candidates for the office of circuit judge should file their declarations with the Secretary of State. But the exception to such requirement in the case of candidates for State Senator in districts comprising only one county was again specifically noted. The Garesche case does not support the contention of *amicus curiae.*

It is insisted that Nangle's declaration of candidacy was entitled to be filed with the Secretary of State because a State Senator is a state officer and Section 4830 provides that the candidates for nomination and election as "state officers" shall file their declarations with the Secretary of State. The words "state officers," as used in said section, can only mean those officers whose official functions and duties are State-wide in character and whose election districts are co-extensive with the boundaries of the State, such as Governor, United States Senator, Attorney-General, judges of this court, etc. The use of the words "state officers" in connection with or contradistinction to the words "representatives in congress, courts of appeals and circuit judges," etc., clearly implies this meaning.

*Amicus curiae* asserts that relator not only filed his written declaration of candidacy with respondents on June 6, 1930, but also filed a similar declaration with the Secretary of State on May 7, 1930, and that he thereby disqualified himself as a candidate under that part of Section 4830, which provides that "no person shall file more than one written declaration indicating the party designation under which his name is to be printed on the official ballot." This contention, even if possessing merit, could properly be considered only where the

right of a candidate to have his name printed on the ballot was challenged in the particular proceeding. Relator's right to have his name printed on the official ballot is not challenged by the pleadings in this proceeding. Even if relator, for the reason thus urged or for some other reason, had no right to have his own name printed on the official ballot, that fact would have no bearing upon Mr. Nangle's right to have his name printed thereon. A case could well be supposed where all of several candidates, who attempted to comply with the statutory requirements as to filing their declarations of candidacy, failed to comply, so that a vacancy would occur upon the ticket and it would devolve upon the party committee to fill such vacancy under the provisions of Section 4838.

But aside from the above, the facts in this case have been settled by the pleadings filed by the parties. *Amicus curiae* is not a party to the proceeding and his mere assertion that relator filed more than one declaration of candidacy, in violation of Section 4830, does not bring such fact into the case for consideration, even if true, or, if not true, require a denial on the part of relator.

The conclusion is inescapable that Mr. Nangle was not authorized to file with the Secretary of State his declaration of candidacy for the Republican nomination for the office of State Senator in the Thirty-second Senatorial District, a senatorial district not comprising more than one county, and that the Secretary of State was not authorized to accept such filing or to certify Mr. Nangle's name to the Board of Election Commissioners of the City of St. Louis as a candidate for the nomination for said office. Absent authority in the Secretary of State to accept such filing and to certify the candidate's name to the Board of Election Commissioners, his unauthorized act of certification conferred no power or authority upon said board to print Mr. Nangle's name upon the official ballot at the coming August primary election. Therefore, in proposing to print such name thereon, respondents propose to do an act which they have no authority to do and hence are proposing to exceed their legal power and jurisdiction.

Our absolute rule should issue requiring respondents to refrain from printing upon the official ballot the name of Sylvester A. Nangle as a candidate at the primary election to be held August 5, 1930, for nomination upon the Republican ticket for the office of state senator in the Thirty-second Senatorial District. Let an order issue accordingly. All concur, except *White* and *Gantt, JJ.*, absent.