STATE ex rel. ST. LOUIS COUNTY, Missouri, a body corporate and politic et al., Relators,

v.

Honorable Harry STUSSIE, Judge, Circuit Court, St. Louis County, Respondent.

No. 59964.

Supreme Court of Missouri, En Banc.

Sept. 12, 1977.

As Modified on Denial of Rehearing Oct. 11, 1977.

George W. Lang, II, Associate County Counselor, Clayton, for relators.

Alan G. Kimbrell, St. Louis, for respondent.

DONNELLY, Judge.

This is prohibition.

We transferred this case from the St. Louis District of the Court of Appeals and decide it "the same as on original appeal." Mo.Const. Art. V, § 10. The facts of the case, as they appear in the original opinion written in the Court of Appeals (Stewart, J.) are set forth with minor changes without quotation marks. Those portions of this opinion which deal with whether this Court has jurisdiction to entertain this proceeding, with whether relators have standing, and with the propriety of utilizing the writ of prohibition in this case, were also written by Judge Stewart and are adopted here, substantially as originally written, without quotation marks.

This is a proceeding instituted on the relation of St. Louis County, Gene McNary, the Supervisor of St. Louis County, and William J. Hennessey, Jr., the Director of the St. Louis County Department of Welfare, to prohibit and restrain Respondent, the Honorable Harry Stussie, Judge of the Circuit Court of St. Louis County, from exercising jurisdiction and entering further orders to enforce the condition of probation pronounced by him in the case of *State of Missouri v. Daniel Alfred Brown,* whereby Brown was to spend the first year of his probationary period in the St. Louis County jail.

Brown pleaded guilty to a charge of Robbery in the First Degree by means of a Dangerous and Deadly Weapon, a felony. On January 15, 1976, Judge Stussie entered an order, which reads in part as follows: " . . . the defendant is sentenced to serve a term of five (5) years in custody of the Missouri Department of Corrections, Jefferson City, Missouri for the offense, Robbery First Degree with Dangerous and Deadly Weapon.

"HOWEVER, it is ordered and adjudged by the Court that execution of the sentence be and is hereby stayed and that said defendant, Daniel Alfred Brown, be and he is hereby placed on probation for a period of five (5) years, subject to the rules and provision of the State Board of Probation and Parole. Special condition of probation by the Court: First year of probation to be served in the St. Louis County Department of Welfare, St. Louis County, Missouri."

"Shock probation" as a condition of probation has become a regular practice on the part of the St. Louis County Circuit Judges. In 1974, 102 persons were ordered confined in the St. Louis County Jail as a condition of their probation; in 1975, 180; and 17 by early March, 1976.

■ We first consider whether this Court has jurisdiction to entertain this proceeding. Respondent contends § 549.141, RSMo 1969, prohibits our review of the trial court's order. The statute reads: "The action of any court in granting, denying, revoking, altering, extending or terminating any order placing a defendant upon probation or parole is not subject to review by any appellate court." Our courts have consistently refused to permit direct appeals of probation orders. They have, however, entertained writs of prohibition or habeas corpus. See *Stroder v. State,* 522 S.W.2d 77 [17–18] (Mo.App.1975), and the cases cited therein. These cases have dealt exclusively with the due process requirements that surround a probation revocation. This proceeding is collateral to Mr. Brown's case in *State v. Brown.* It can in no way be said to be an appeal from the order of probation.

Respondent also contests relators' standing to bring this proceeding.

■ The fact that relators are strangers to the proceedings at which prohibition is aimed does not prevent our consideration of the issues raised, provided the action of the

lower court affects the interests of relators. *State ex rel. Drainage District No. 8 of Pemiscot County v. Duncan,* 334 Mo. 733, 68 S.W.2d 679 (banc 1934).

■ The St. Louis County Director of Welfare has "the custody, rule, keeping and charge of all jails and correctional institutions, and of all the prisoners therein and perform[s] all duties and exercise[s] all powers with respect thereto required by law to be performed by the sheriff." Article IV, § 4.410(7), St. Louis County Charter (1968). The Director of Welfare, in performing the duties of sheriff, has statutory responsibility for the custody, rule, keeping and charge of the county jail and all prisoners therein. § 221.020, RSMo 1969. As a necessary part of his duties, the Director of Welfare must see that the prisoners are provided with proper space, food, bedding and medical attention. *State ex rel. Saline County v. Price,* 296 Mo. 121, 130, 246 S.W. 572, 574 (1922).

While there is no hard evidence of the county's cost in caring for "shock probationers", both the Missouri statutes and the St. Louis County Charter impose on relator Hennessey the duty to provide space, food and other considerations for the probationer in his custody. From this statutory duty there must necessarily arise the expenditure of some money, manpower and use of facilities for the care of such persons as Brown. Irrespective of the question of the expenditures of funds on Brown we are of the opinion that the responsibility of accounting for the probationer's custody is a sufficient burden upon the county through its Department of Welfare to give the relators standing to bring this proceeding.

In addition both relators, McNary, the Supervisor, and the County itself have standing to pursue this suit because under the County Charter, Supervisor McNary is vested with the executive power in the county. Article III, § 3.010, St. Louis County Charter (1968). The Supervisor is responsible for appointing the Director of Welfare and other department heads, coordinating and supervising the work of the departments, and submitting an annual balanced budget to the County Council for approval.

■ In this case the court has entered its order which has not been fully executed. On the matter of probation the court retains jurisdiction to modify any general or specific condition of probation and so long as any part of the court's order remains unexecuted this Court, by writ of prohibition, may consider whether further proceedings upon the order should be prohibited. *State ex rel. Mid America Pipeline Co. v. Rooney,* 399 S.W.2d 225, 229 (Mo.App.1965). A remedy was not available to relators by way of appeal. *State ex rel. Atkins v. Missouri State Board of Accountancy,* 351 S.W.2d 483, 489 (Mo.App.1961).

■ Prohibition is not a writ of right. Its issuance in a given case is addressed to the sound discretion of the court. The chief purpose of the writ is to prevent the lower court from acting without or in excess of its jurisdiction. *State ex rel. Industrial Properties, Inc. v. Weinstein,* 306 S.W.2d 634, 636 (Mo.App.1957). The issues raised in this proceeding challenge the jurisdiction of the court to enter its order containing the special condition; these issues are not likely to be determined in a direct proceeding by a probationer; and they are of vital interest to the parties to this proceeding. For these reasons we exercise our discretion and determine this cause on its merits.

Relators contend that respondent is exceeding his jurisdiction in requiring Brown to spend the first year of his probationary period in the county jail as a special condition of probation.

Section 549.071, RSMo 1969, allows a sentencing judge to "place the defendant on probation upon such conditions as the court sees fit to impose." The essential question in this proceeding is whether this language permits a sentencing judge to prescribe incarceration as a condition of probation.

In South Dakota, their statute (SDCL 23–57–4) allows the trial court to impose such terms and conditions of probation "as the court may deem best." In *State v.*

*Marshall,* 247 N.W.2d 484, 486–87 (1976), the Supreme Court of South Dakota said:

"There appears to be a wide variety of approaches among the various jurisdictions as to the proper solution to the problem at hand. Some courts have held that imprisonment as a condition of probation is proper under statutory language similar to SDCL 23–57–4. See *Franklin v. State,* 1964, 87 Idaho 291, 392 P.2d 552; *Tabor v. Maxwell,* 1963, 175 Ohio St. 373, 194 N.E.2d 856. Other courts were blessed with controlling statutes specifically authorizing incarceration. See *State v. Jones,* 1976, Fla., 327 So.2d 18; *Prue v. State,* 1974, 63 Wis.2d 109, 216 N.W.2d 43. Some states have held that language similar to the broad grant in SDCL 23–57–4 did not allow imprisonment, only to have their legislature authorize such a condition of probation. See *State v. Van Meter,* 1968, 7 Ariz.App. 422, 440 P.2d 58 (legislative change reflected at *State v. Evans,* 1973, 109 Ariz. 491, 512 P.2d 1225); *People v. Robinson,* 1931, 253 Mich. 507, 235 N.W. 236 (legislative change reflected at *People v. Sarnoff,* 1942, 302 Mich. 266, 4 N.W.2d 544). Other states hold that incarceration is not permissible as a condition of probation unless a statute specifically authorizes that sanction. See *State v. Nuss,* 1973, 190 Neb. 755, 212 N.W.2d 565; *People v. Ledford,* 1970, 173 Colo. 194, 477 P.2d 374. We find the reasoning of the latter jurisdiction persuasive."

In Colorado, their statute (C.R.S.1963, 39–16–6) allows the trial court to suspend the imposition or execution of sentence upon such terms and conditions "as it may deem best." In *People v. Ledford,* 173 Colo. 194, 196, 198, 477 P.2d 374, 375, 376 (banc 1970), the Supreme Court of Colorado said:

" . . . By its very nature and definition, probation means and signifies liberty under certain imposed conditions. Its basic purpose is to provide a program which offers an offender the opportunity to rehabilitate himself without confinement. This is to be accomplished under the tutelage of a probation officer and under the continuing power of the court

to impose a sentence for his original offense in the event he abuses this opportunity and violates the conditions of probation. See the discussion of probation in *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41; *Yates v. United States,* 10 Cir., 308 F.2d 737.

"When an accused is granted probation, he is also granted his liberty and freedom from confinement in a jail or penitentiary. Unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation. Trial courts have a wide discretion in imposing certain conditions upon a probationer, but not included within its discretionary power is the authority to impose jail confinement as a condition.

\*     \*     \*     \*     \*     \*

"We construe our probation statute (C.R.S.1963, 39–16–6) as not containing authorization to impose confinement as a condition of probation.

"Certainly, the policy of granting probation with a period of confinement as a condition may be argued as being most beneficial under some circumstances. However, this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute."

■ We agree with the Colorado and South Dakota courts. We construe the above language from § 549.071, RSMo 1969, as not permitting a sentencing judge to prescribe incarceration as a condition of probation.

We note that in its First Regular Session of 1977, the General Assembly adopted Act 73, and that, effective January 1, 1979, Section 559.026 will authorize a trial court to require "as a condition of probation that the defendant submit to a period of detention \* \* \*."

The preliminary rule in prohibition is made absolute.

MORGAN, C. J., and HENLEY, FINCH, RENDLEN and SEILER, JJ., concur.

BARDGETT, J., dissents.