**Wayne FARMER, a/k/a William Farnsworth, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 30119.**

Missouri Court of Appeals,
Western District.

April 30, 1979.

Allan J. Fanning, Kansas City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

Movant appeals the denial of his motion under Rule 27.26. The trial court disposed of the motion in a memorandum opinion on the basis of the files and records.

The movant on this appeal contends that the imposition of a 30-day sentence as a condition of probation constituted a sentence and deprived the court of further jurisdiction to sentence the defendant on revocation of probation. Movant also asserts error in a finding of a voluntary plea of guilty and attacks the indictment as being an insufficient allegation of the crime of obtaining property by means of a confidence game under § 561.450 RSMo 1969.

In 1976, the movant appeared and pled guilty to an indictment. The trial court, upon the entry of the plea, suspended imposition of sentence and placed the defendant on probation with two special conditions—first, that the defendant be confined to the detention facility of Kansas City, Missouri, for a period of thirty days, and second, that

he make restitution of the sums obtained by his fraudulent scheme. Thereafter, the defendant came before the court on a revocation of probation hearing, and the court, having heard evidence, found that the movant had violated his probation and imposed a sentence of five years in the Department of Corrections. The court expressly credited the defendant with thirty days credit for the incarceration imposed as a condition of the probation.

For the first two issues, the claim that the thirty-day incarceration imposed as a condition of probation constituted a sentence and the parallel claim that the trial court lost jurisdiction at the time of the imposition of that period of incarceration, the movant relies upon *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186 (Mo. banc 1977).

The movant's reliance upon *Stussie* is misplaced. *Stussie* held, at a date subsequent to the period of incarceration in this case, that a trial judge had no authority under the probation and parole statutes to impose a period of incarceration as a form of "shock" probation. It is important in analyzing *Stussie* to recognize the nature of the actions before the Supreme Court when it was decided. *Stussie* was a prohibition action brought by officials of St. Louis County against a judge of the circuit court of St. Louis County to prohibit the circuit judge from incarcerating a state prisoner in the St. Louis County jail as a condition of his probation under a state charge. The court held that the trial court was without jurisdiction to provide such a period of incarceration as a part of his probation and specifically prohibited the trial judge from enforcing that portion of his order of probation. There is no language in *Stussie*, nor any holding in the case, that the balance of the probation ordered in the underlying case in *Stussie* was invalid or of no effect.

There is nothing in *Stussie* to suggest that the imposition of an inappropriate condition of probation converts the condition of probation into a sentence or destroys the jurisdiction of the trial court with respect to the balance of its judgment concerning the underlying sentence. *Stussie* does not support the contentions of the movant.

The movant relies also on *Ex parte Cornwell*, 223 Mo. 259, 122 S.W. 666 (1909). In that case, the court sentenced the defendant to ninety days with a stay of execution. When it was determined that the defendant had violated the conditions of the stay, the sentence of ninety days was set aside and a fine of $200 imposed. The distinguishing characteristic between *Cornwell* and the present case is that in *Cornwell*, the entire judgment of the court was void because no power existed to sentence for any period, while in the instant case, only the invalid condition of probation is void.

Likewise, in *Ex parte Thornberry*, 300 Mo. 661, 254 S.W. 1087 (banc 1923), the court distinguished *Cornwell* and held that the sentence imposed in *Thornberry* was valid despite an invalid attempt to stay the execution of the sentence. The court concluded that when authorized acts are separable from unauthorized acts in a judgment, the judgment itself will not be void; only the invalid portions will be unenforceable. The same reasoning was followed in *State v. Campbell*, 307 S.W.2d 486 (Mo.1957), where the court imposed an improper provision that sentences should run concurrently in the face of a statutory direction to provide for consecutive sentences. The court in *Campbell* pointed out the ineffective provision in the judgment of conviction did not render the entire judgment void but simply invalidated the improper portion of the judgment which would be treated as surplusage and be disregarded.

■ The trial court in its memorandum on the 27.26 motion adequately refutes the third issue raised by movant, that an entry of a plea was involuntary because of the trial court's rejection of the initial plea bargain offered by the State. The proceedings at the guilty plea show that there was a complete and full understanding between counsel, movant, and the court, of the reasons for the rejection of the proposed plea bargain of a thirty-day sentence. After the court indicated that it was rejecting the plea bargain proposed, the judge stated that he would accept a plea and suspend imposition of sentence upon the special con-

ditions of thirty days incarceration and restitution. The judge made it clear that he was offering the alternative as a matter of mechanics and to insure the restitution portion of the plea bargain. The court then adjourned the plea hearing and gave the movant an opportunity to consult with his counsel concerning the court's suggestion. Thereafter, the movant's counsel, having inquired of the court with respect to the proposed judgment, appeared again before the court with his client. The movant then accepted the trial court's proposal with respect to the judgment to be entered. The movant demonstrated his understanding of the proposal made by the court, as the following answers to questions clearly indicate:

"Mr. Farmer, you have now had a chance to talk to your attorney about what we just discussed?" Answer: "Yes, sir."

"Does that make any difference in your thinking?" "No, sir."

"You are perfectly willing to enter the plea of guilty understanding that is what is going to occur?" "Yes, sir."

The movant also attacks the voluntary nature of the plea on the ground that there was an insufficient factual basis in the plea proceeding to support a plea of guilty. The point is unsupported by authority and needs no further notice, but in any event the plea proceedings unquestionably relate facts, acknowledged by the defendant, which constitute a sufficient factual basis to show his understanding of the nature of the crime with which he was charged, and the factual basis upon which it would have been proven.

The movant attacks the information as insufficient, asserting that it fails to allege that the defendant misrepresented a presently-existing fact; the movant asserts that the only promise alleged was a promise of a future act. That condition is adequately answered by the opinion in *State v. Barnes*, 517 S.W.2d 155, 162 (Mo.App.1974), which is remarkably similar in its facts with respect to the offense and the indictment in the instant case. The *Barnes* opinion points out that the language of the information in *Barnes* is not a model; the same can be said about the indictment in this case. However, after a plea and a sentence, only a fatal defect in the information would afford the defendant relief, as the trial court pointed out in its memorandum. *State v. Collins*, 519 S.W.2d 362 (Mo.App.1975).

The indictment contains all of the elements required under 561.450 RSMo 1969; it contained sufficient detail to apprise the defendant of the nature of the offense and to bar a subsequent prosecution for the same offense. *State v. Byrne*, 503 S.W.2d 693 (Mo. banc 1973); *Kansas City v. Stamper*, 528 S.W.2d 769 (Mo.App.1975). Applying this test and the ruling in *Barnes*, the information is sufficient.

The judgment of the trial court is affirmed.

All concur.