STATE of Missouri ex rel. John TRAVERS, Judy Svetanics, Donald E. West, and George T. Mehan, Jr., As the Board of Election Commissioners of The City of St. Louis, Relators,

v.

Honorable Floyd McBRIDE, Judge of the Circuit Court, 22nd Judicial Circuit, Division 3, City of St. Louis, Missouri, Respondent.

No. 43501.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 5, 1980.

Timothy G. Noble, Associate City Counselor, St. Louis, for relators.

James C. Brandenburg, Clayton, for respondent.

PUDLOWSKI, Presiding Judge.

This case involves an election contest of the August 5, 1980 election for the Democratic Committeewoman of the 8th Ward of the City of St. Louis. On August 19, 1980, the Board of Election Commissioners issued their official announcement of the primary election results in the 8th Ward establishing that Mona Riegert received 1,183 votes, Beverly Buchheit, 1,207 votes and Committee person write–in candidate, 64 votes. On August 22, 1980, Mona Riegert, plaintiff in the underlying action, filed suit against her opponent Beverly Buchheit and the five members constituting the Board of Election Commissioners of the City of St. Louis seeking a recount in said election. Contestant Riegert contended that by virtue of the fact that she lost by 24 votes out of a total of 2454 votes cast (including the 64 write–in votes) she lost by less than 1% of the total votes cast for office of Democratic Committeewoman and pursuant to § 115.601,[1] she is entitled to a recount. If the 64 write–in votes are not counted as "votes cast for" that office she is not entitled to a recount.

We note that in the action below contestant Riegert did not file the certified return of the Board of Election Commissioners, but rather Exhibit "4", a computer print–out produced by relator dated 8/10/80 which shows the results of the election as follows:

|  | VOTES | PERCENT |
|---|---|---|
| COMMITTEEWOMAN–WARD 8–DEM | | |
| BEVERLY BUCHHEIT | 1207 | 50.50 |
| MONA RIEGERT | 1183 | 49.50 |
| COMMITTEEPERSON–DEM | | |
| WRITE–IN | 64 | 100.00 |

On September 30, 1980, after an evidentiary hearing, respondent issued an order, pursuant to § 115.601, directing relator to prepare for a recount within 20 days of the receipt of said order. On October 7, 1980, relator, the Board of Election Commissioners of the City of St. Louis, applied to this court for a preliminary writ prohibiting the enforcement of said order which writ was

1. All citations are to RSMo. 1978 unless otherwise indicated.

granted.[2] Briefs were filed and oral argument was held. We make our preliminary writ absolute.

Relator, Board of Election Commissioners, conducted this election with computerized ballot cards. In order to cast a write-in vote on such ballots, it was necessary to punch out a hole indicating that a write-in vote was cast. The voter then had to write the name of the candidate and the office for which the write-in vote was cast. The 64 write-in ballots were not counted as votes for a particular candidate because no write-in candidate had been declared prior to 5:00 p. m. on the Friday preceding the election, as required by § 115.453(4). Further, relator contends that most of the ballots were blank, a fact which respondent disputes. We find that there was no evidence on this latter point in the court below but under either circumstance, we find that relator is correct for not counting any write-in ballots, pursuant to § 115.453(4).

Section 115.601 the controlling statute recites as follows:

Any contestant in a primary or other election contest who was defeated by less than one percent of *the votes cast for an office* in any jurisdiction, or whose position on a question was defeated by less than one percent of the votes cast on the question in any jurisdiction, shall have the right to a recount of the votes cast for the office or on the question in the jurisdiction." (emphasis added).

The Missouri cases addressing the question of how to construe the term "votes cast" have all arisen in the context of elections relating the propositions or questions. However, we find these cases persuasive and apply their rationale to this contest.

In *Kellams v. Compton*, 206 S.W.2d 498 (Mo.1947), the Supreme Court was confronted with a similar problem in connection with a bond issue election for Center School District No. 58 of Jackson County.

The certified return showed the results of that election in which "⅔ of the votes cast on the proposition" were necessary for approval as follows:

| | |
|---|---|
| Total votes cast: | 1739 |
| For the loan : | 1147 |
| Against the loan: | 569 |
| Void ballots : | 23 |

Appellants in that case argued that counting the void ballots there were 1739 votes and that the 1147 votes were not ⅔ of that total and therefore the issue failed to pass. However, the Supreme Court at 499–500 upheld the passage of the bond issue and stated that:

In any event it has been definitely determined that "two–thirds of the qualified electors * * * voting thereon," Const.Mo. Art. 6, § 26(b), and "two–thirds of the votes cast on the proposition," Mo. R.S.A. § 10328, mean "two–thirds of those who actually vote for or against the given proposition, whether such two–thirds be two–thirds or not of all the voters taking part in the election otherwise * * *." *State ex rel. Kansas City v. Orear*, 277 Mo. 303, 312, 210 S.W. 392, 394. "Votes cast on the proposition" and "voting thereon" are to be construed in their ordinary and usual sense and they mean "expressing the will, mind or preference; casting, or giving a vote." They *do not include* votes on ballots that do not cast a vote on the proposition. Illegal or void votes may not be counted, either for or against the proposition submitted, even though they may have been received, placed in the ballot box and con-

---

**2.** "The fact that relators are strangers to the proceeding at which prohibition is aimed does not prevent our consideration of the issues raised provided the action of the lower court affects the interest of relators." *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186, 187 188 (Mo. banc 1977). An interest of the Board of Election Commissioners of the City of St. Louis is affected by the lower courts decision because it has the duty to make provisions for all elections held within the City of St. Louis, Missouri. RSMo 1978 § 115.023. Further, an interest of the Board was affected because the court below ordered that the Board of Election Commissions "prepare (its) office and all records and materials relating to the subject election contest for recount; to select a day ... for recount and to notify the court thereof...."

**854**

stitute some of the total number of ballots (Citations omitted)."

■ In light of *Kellams*, we are constrained to say that the phrase "votes cast for an office" in § 115.601 must be construed in a similar fashion as "votes cast on the proposition" construed in *Kellams* and only those valid ballots which express a preference for a declared candidate can be included in the total "votes cast for an office." Thus, the 64 write–in void ballots cannot be considered in the total number of votes cast because they failed to indicate a preference for a valid declared candidate. As a result, candidate Riegert having lost by 24 votes out of 2390 valid votes cast, or greater than 1% of the votes cast, is not entitled to a recount pursuant to § 115.601.

■ Respondent further contends that the Board of Election Commissioners has no standing to bring this action. However, it was the contestant Mona Riegert who made the Board of Election Commissioners a party defendant in this cause and cannot now complain that relator has no standing.

■ Prohibition is the appropriate remedy to keep a lower court within the limits of its power in a particular proceeding, just as it is to prevent the exercise of jurisdiction over a cause not given by law to its consideration. *Weaver v. Schaaf*, 520 S.W.2d 58, 67 (Mo. banc 1975). It follows therefore, that by ordering a recount not required by § 115.601, the respondent has exceeded his jurisdiction.

Preliminary writ made absolute.

GUNN and REINHARD, JJ., concur.