Dear Mr. Reardon:
This opinion is in response to your questions asking:
 First, does Section 115.607.1, RSMo 1986, apply to an otherwise qualified candidate for county committee who was not a registered voter of his county and committee district for more than one year prior to the date of his election solely because such candidate has not yet attained the age of eighteen? (The candidate became eighteen and a registered voter prior to the election but not for one year prior thereto). Second, does the county election authority, based upon its determination that such candidate is not qualified, have authority to withhold the candidate's name from the primary ballot in view of the procedures set forth in Section 115.526, RSMo 1986?
Section 115.607.1, RSMo 1986, provides:
 1. No person shall be elected or shall serve as a member of a county committee who is not, for one year next before his election, both a registered voter of and a resident of the county and the committee district from which he is elected. . . .
The language used in statutes is to be given its plain and ordinary meaning. Bartley v. Special School District of St.Louis County, 649 S.W.2d 864, 867 (Mo. banc 1983). The plain and ordinary meaning of the above-quoted language is that the candidate in question is not qualified because he was not a registered voter for the required period of time before the election.
A review of the legislative history of subsection 1 supports this conclusion. When originally enacted in the Comprehensive Election Act of 1977, subsection 1 did not contain the one year requirement:
 1. No person shall be elected as a member of a county committee who is not a registered voter of the county and a resident of the committee district from which he is elected. . . . Laws of Missouri 1977 H.B. 101 Section 14.010 p. 298.
The one year requirement was added by way of an amendment enacted in 1982 which changed the relevant provision of subsection 1 to appear as it does today. Laws of Missouri 1982 S.B. 526 p. 300. The fact that the language containing the one year requirement was added by amendment shows that the legislature intended a change from the original provision.O'Neil v. State, 662 S.W.2d 260, 262 (Mo. banc 1983).
It is presumed that the legislature, when enacting the above-referenced law, was aware that a person had to be at least eighteen years old to register to vote. In 1982, at the time of the amendment to Section 115.607.1, Article VIII, Section 2 of the Missouri Constitution (as adopted in 1974) and Section115.133, RSMo contained the requirement a voter must be over the age of eighteen. The legislature is presumed to act with "full knowledge of existing statutes". City of Nevada v. Bastow,328 S.W.2d 45, 49 (K.C. Ct. App. 1959). In fact, in the same session of the legislature which passed the amendment to Section115.607.1 adding the one year requirement, the legislature also repealed and reenacted subsection 1 of Section 115.133 leaving the eighteen year old requirement intact. Laws of Missouri 1982 H.B. 1600 p. 308.
In view of the language of Section 115.607.1 and its legislative history, the candidate in question is not eligible to be a candidate for the county committee.
In regard to your second question, this office is of the opinion that the election authority does have the authority to withhold the name of the candidate in question from the primary ballot. Mansur v. Morris, 355 Mo. 424, 196 S.W.2d 287,291-294 (Mo. banc 1946); State ex rel. Gralike v. Walsh,483 S.W.2d 70, 74 (Mo. banc 1972); and Attorney General Opinion No. 87, Usrey, 1972, a copy of which is enclosed.
The enactment of Section 115.526, RSMo 1986, in 1982 (Laws of Missouri 1982 S.B. 526 p. 299) does not change this conclusion. Section 115.526 provides a specific procedure for one candidate to challenge another on eligibility issues before a primary or general election takes place. It does not remove the obligation from the election authority to follow the law when making decisions about placing names on ballots nor does it remove the authority of the election authority to carry out this obligation by refusing to place a name on the ballot. That obligation and the authority to enforce it have been firmly established by court decisions. In the Gralike case, the court held that it was justified in issuing a writ of prohibition against an election authority because the latter had exceeded its authority when, by proposing to place the name on the ballot of a candidate for state senator who did not meet the residency requirements, the election authority was not following the law establishing those requirements. Id. at 74, citingState ex rel. Bates v. Remmers, 325 Mo. 1175, 30 S.W.2d 609,612 (Banc 1930), which held that for an election authority to place the name of an ineligible candidate on the ballot is "to exceed their legal power and jurisdiction".
The legislature is presumed to be aware of existing declarations of law by the Supreme Court when it enacts law on the same subject. State ex rel. Missey v. City of Cabool,441 S.W.2d 35, 41 (Mo. 1969). Nothing in the language of Section115.526 either expressly or by implication removes from the election authority the authority to withhold the name of an ineligible candidate from the ballot.
CONCLUSION
It is the opinion of this office that pursuant to Section115.607.1, RSMo 1986, a candidate for county committee who was not a registered voter for one year prior to the date of the election because said candidate had not attained the age of eighteen years one year prior to the date of the election is not a qualified candidate, and the election authority has the authority to withhold said candidate's name from the primary ballot.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Attorney General Opinion No. 87, Usrey, 1972